E-FILED
Tuesday, 17 November, 2026 11:39:18 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **KATRINA ROBINSON,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-3358-SEM-DJQ** |
| | ) | |
| **MICHAEL LONG, *et al.*,** | ) | |
| **Defendants.** | ) | |

# ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff Katrina Robinson, proceeding *pro se* and currently in custody at Logan Correctional Center filed a Complaint (#1) on October 15, 2026. The Complaint describes what Plaintiff believes to be an inadequate response to the chest pain she has been experiencing for a number of months. Plaintiff names as Defendants: Warden Michael Long, Healthcare Unit Administrator Shelby Russell, Grievance Officer M. Lyons, Nurse Crystal Burge, Sergeant Bill, Nurse Tracee, and Logan Correctional Center itself. The Court granted Plaintiff leave to proceed *in forma pauperis*, and the case is now before the Court for a merit review of her claims.

## BACKGROUND

On May 19, 2026, Plaintiff experienced chest pain and was taken to healthcare. She was then transported to a local hospital. Someone at the hospital told someone associated with the prison that a follow-up should be pursued at "the Springfield cardiology hospital."

Plaintiff alleges that there has been no follow-up. She has "been having chest pain back to back," but is simply instructed to take ibuprofen or Tylenol. Plaintiff has been told that her chest pains are from panic attacks or anxiety. The medications do not work. The chest pain prevents Plaintiff from sleeping.

On October 10, 2026, Plaintiff went to the healthcare unit. Someone in healthcare ordered Tylenol for Plaintiff. Plaintiff was told that she can take Tylenol with ibuprofen, but she knows that to not be the case. Plaintiff requests $20 million for each day she goes without sufficient healthcare.

## ANALYSIS

Request for Counsel

Plaintiff has filed a Motion to Request Counsel (#4). In

determining whether the Court should attempt to find an attorney to voluntarily take a case, the Court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff does not state that she has made any attempts to obtain counsel and does not assert that she has been precluded from doing so. A plaintiff's failure to "show the district court that he tried to obtain counsel on his own" is "reason enough to deny the request" for counsel. *Rivera v. Jimenez*, 556 F. App'x 505, 507 (7th Cir. 2014). Accordingly, Plaintiff's Motion to Request Counsel (#4) is DENIED.

<u>Merit Review</u>

Pursuant to 28 U.S.C. § 1915A, the Court must "screen" Plaintiff's complaint and, through such process, identify and dismiss any legally insufficient claim or the entire action if warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. In reviewing a complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff has not stated a claim for deliberate indifference to a serious medical need against any Defendant. "For a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights." *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). Thus, "a plaintiff must allege that the individual defendant caused or participated in a constitutional deprivation." *Costa v. Ramaiah*, 689 F. Supp. 3d 553, 573 (N.D. Ill. 2023).

In her Complaint, Plaintiff does not name or describe a single individual involved in her healthcare. Nor does she describe any actions taken by any of the named Defendants—or any other

specific individual for that matter. It follows that she has not plausibly stated a claim upon which relief could be granted against any of the Defendants.

Accordingly, Plaintiff's Complaint must be dismissed for failure to state a claim. Plaintiff shall have 21 days from the date of this Order to file an amended complaint stating a federal claim. Failure to file an amended pleading by that deadline will result in dismissal of this matter with prejudice.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Motion to Request Counsel (#4) is DENIED.

2. Plaintiff's Complaint is DISMISSED for failure to state a claim.

3. Plaintiff shall have 21 days from the date of this Order to file an amended complaint stating a federal claim. Failure to file an amended pleading by that deadline will result in dismissal of this matter with prejudice.

ENTERED November 17, 2026.

s/ *Sue E. Myerscough*

**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**